IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAAMIR BROWN, :
:
            Petitioner, :     CIVIL ACTION NO. 15-1152
:
v. :
:
BRENDA TRITT, Superintendent, et al., :
:
            Respondents. :

## ORDER

**AND NOW**, this 22nd day of February, 2016, after considering the petition for writ of habeas corpus (Doc. No. 1), the respondents' response thereto (Doc. No. 15), the state court record, the report and recommendation filed by United States Magistrate Judge M. Faith Angell on January 14, 2016 (Doc. No. 16), and the objections filed by the petitioner (Doc. No. 18), it is hereby **ORDERED** as follows:

    1.    The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

    2.    The petitioner's objections to the report and recommendation (Doc. No. 18) are **OVERRULED**;[1]

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report). Here, Magistrate Judge Angell filed the report and recommendation on January 14, 2016, and the docket notation accompanying the report and recommendation indicates that the Clerk of Court mailed a copy of the report and recommendation to the petitioner via first-class mail. The petitioner filed objections to the report and recommendation and, although the Clerk of Court did not enter those objections on the docket until February 5, 2016, it appears that he provided them to the Department of Corrections on January 30, 2016. *See* Written Obj. at 2 (showing Commonwealth of Pennsylvania, Department of Corrections' cash slip), Doc. No. 18. Even though the 14-day period to file the objections ended on January 28, 2016, the petitioner had an additional three days to file the objections as provided by Rule 6(d) of the Federal Rules of Civil Procedure because the Clerk of Court served the report and recommendation upon him by mail. *See, e.g.*, *Neiman v. Astrue*, No. 09-cv-4472, 2011 WL 816779, at *2 (E.D. Pa. Mar. 8, 2011) (concluding that habeas petitioner was "entitled to an additional three days under Federal Rule of Civil Procedure 6(d) because the R & R was served on him by mail"). Accordingly, the petitioner timely filed the objections and this court conducted a *de novo* review of the portion of the report pertaining to the objections.

  3. The Honorable M. Faith Angell's report and recommendation (Doc. No. 16) is **APPROVED** and **ADOPTED**;

  4. The petition for writ of habeas corpus (Doc. No. 1) is **DENIED WITHOUT AN EVIDENTIARY HEARING**;

---

  In his objections, the petitioner objects to the report and recommendation's finding that his habeas petition is time-barred and, more specifically, that he has failed to allege extraordinary circumstances to support a finding that his petition should be subject to equitable tolling. Written Obj. at 3. Concerning equitable tolling, the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 634, 649 (2010). A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis removed in original)). "[T]here are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the rigid application of a limitation period unfair." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (internal quotation marks and citations omitted).

  Here, while possibly a generous interpretation of the objections, the petitioner appears to argue that the ineffectiveness of his trial counsel supports a finding of equitable tolling. Written Obj. at 3. Even if this is a plausible interpretation of the objections, the court cannot consider this claim because he failed to include it in his section 2254 petition or raise it with the Magistrate Judge. *See Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) ("[B]ecause Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived."); *Mayo v. Giroux*, No. 14-cv-1144, 2015 WL 3872355, at *3 (E.D. Pa. June 23, 2015) (concluding that section 2254 habeas petitioner's claim of ineffective assistance of counsel was not properly before the court because he did not include it in his section 2254 petition or raise it before the Magistrate Judge); *Sessom v. Wenerowicz*, No. 13-cv-2179, 2013 WL 5761303, at *1 n.1 (E.D. Pa. Oct. 24, 2013) (concluding that section 2254 habeas petitioner's arguments on equitable tolling were "untimely and unavailing" because they "rel[ied] on facts and arguments he failed to present to [the Magistrate Judge] in any of his written submissions"). Instead, as noted by Magistrate Judge Angell, the only claim the petitioner raised with respect to equitable tolling (or tolling in general) was a "BREAKDOWN OF THE STATE COURT." Report and Recommendation at 5 (citing habeas petition at 14)

  The court recognizes that "unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." E.D. Pa. Loc. R. Civ. P. 72.1(IV)(c). Presuming that the petitioner is attempting to assert an ineffective assistance of counsel claim to support equitable tolling, he has not provided any reason for his failure to first assert the claim before Magistrate Judge Angell. Accordingly, the court finds that the interests of justice do not support the untimely raising of this particular claim and the court will not consider it here.

  Additionally, as concluded by Magistrate Judge Angell in her report and recommendation, the petitioner's allegation of "breakdown of the state court," as a basis for equitable tolling failed to carry his burden to establish either element of equitable tolling. Report and Recommendation at 6. Therefore, the petitioner has failed to meet the requirements of equitable (or statutory) tolling, and the instant petition is untimely and unreviewable by the court.

5.	The petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, the court **SHALL NOT** issue a certificate of appealability under 28 U.S.C. § 2253(c)(2);[2] and

6.	The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining a certificate of appealability under section 2253(c)(2)).